1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

RICHARD E. STROUPE, II,

                Plaintiff,

    v.

CITY OF OLYMPIA, et al.,

                Defendants.

**Case No.** C04-5626 JKA

ORDER GRANTING IN PART/DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      This matter comes before the Court on Defendants' Motion for Summary Judgement (Doc.#29). The court has considered plaintiff's response (Doc.#33), defendants' reply (Doc#43) as well as all attached documents and the files and records herein.

      In his complaint plaintiff asserts multiple causes of action under 42 U.S.C. Section 1983, all arising out of an encounter between plaintiff and officers of the Olympia Police Department February 9, 2003 The Joint Status Report essentially describes the cause of action as one for excessive force.

      Defendants seek an order dismissing each of plaintiff's claims against each named defendant. Plaintiff's response narrows the focus to two issues:

      **1. <u>Did the named Olympia Police Officers use more than reasonably necessary force when arresting plaintiff February 9, 2003?</u>** A review of the records satisfies the court that viewed in a light most favorable to the plaintiff genuine issues of material fact exist.

      **2. <u>Are defendants protected by the doctrine of qualified immunity?</u>** In order to apply the doctrine of qualified immunity the court must determine (a) do the facts taken in a light most favorable to the plaintiff support the allegation that defendant violated a protected constitutional right, and if so (b) was the

ORDER
Page - 1

constitutional right clearly established.    The right to be from "excessive force" is a clearly established constitutional right.  Accordingly, the doctrine of qualified immunity is not applicable to plaintiff's excessive force claim against defendants Evers, Allen, Krasnican, and Henry.

Defendants correctly assert that plaintiff only responded to defendants' summary judgment motion regarding the excessive force claim as to plaintiff Richard E. Stroupe II.

ACCORDINGLY, IT IS HEREBY ORDERED ADJUDGED AND DECREED AS FOLLOWS:

**1.  Defendant's Motion for Summary Judgment regarding plaintiff Richard E. Stroupe II's excessive force claim against the arresting officer defendants is denied.**

**2. Defendant's Motion for Summary Judgment regarding deliberate indifference claims against the City of Olympia and the Olympia Police Department is granted.**

**3.  Defendant's Motion for Summary Judgment regarding negligent supervision by Olympia Chief of Police Gary Michael is hereby granted.**

Dated this 24th day of August 2006.

 */s/ J. Kelley Arnold*
J. Kelley Arnold, U.S. Magistrate Judge