# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

RICHARD E. STROUPE, II,

    Plaintiff,

vs.

THE CITY OF OLYMPIA; et al.,

    Defendants.

NO. C 04-5626JKA

**PRETRIAL ORDER**

## JURISDICTION

Original jurisdiction is vested in this court by virtue of 28 USC § 1331.

## CLAIMS AND DEFENSES

The plaintiff will pursue at trial the claim that defendants violated his Fourth Amendment right to be free from excessive force, pursuant to 42 USC § 1983.

## ADMITTED FACTS

**The following facts are admitted by the parties:**

1. At about 1:00 a.m. on February 9, 2003, Olympia Police Officers received radio dispatches of a bar fight involving a group of males using pool cues (sticks), pool balls and bottles. Some of the participants were reported as having left in a pickup truck.

2. Plaintiff and his son, Richard Eugene Stroupe, III, were passengers in a pickup truck driven by the son's friend, Kevin Hahn. The son sat in the middle. The

PROPOSED PRETRIAL ORDER - 1

NO. C 04-562 6 JKA

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

time, location and appearance of the pickup matched the description given by the dispatches.

3. Mr. Hahn's vehicle was stopped by Olympia Police Officer Paul Evers. Officers Rich Allen, Bob Krasnican and Bryan Henry arrived shortly thereafter as back-up. Officers Evers, Allen and Krasnican are the defendants in this case. At all times relevant, they acted under color of law.

4. Pursuant to standard police practice, this was a "high risk" traffic stop.

5. As the driver, Mr. Hahn was ordered out of the vehicle first. He followed the orders of the Officers and he was handcuffed and placed in a patrol car without incident. He was observed to have blood on his hands.

6. Plaintiff was ordered out of the vehicle next. Both plaintiff and his son got out. The son wore no shirt and had a large amount of blood on his head. He failed to obey orders to get back in the car.

7. Plaintiff was ordered to walk backwards to the rear of the pickup with his hands up. He intermittently turned around as he moved to that position.

8. When he got to the rear of the truck, plaintiff was ordered to get down on the ground. He did not get down on the ground and was "Tasered" several times by the defendant Officers. He then went down and was handcuffed.

9. In the process of being handcuffed by Officer Evers, plaintiff complained that he had previous injuries and limited movement. Officer Evers used two sets of handcuffs so plaintiff's hands could be held further apart.

10. Plaintiff was taken to a patrol car where he was searched and then placed inside.

11. Officer Evers transported plaintiff to the Olympia City Jail where he was examined by a paramedic from the Olympia Fire Department.

12. Plaintiff is not claiming physical injury resulting from this incident.

**The plaintiff contends as follows:**

PROPOSED PRETRIAL ORDER - 2

NO. C 04-562 6 JKA

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1. Plaintiff complied with the officers' directives as best he could, while protesting that he was disabled due to a back injury, and had a limited range of movement.

2. Despite plaintiff's statements, and his actions consistent with those statements, and despite the absence of any physical threat from the plaintiff, all three individual defendant officers used their Taser guns on plaintiff: they each shot (i.e., "Tasered") him in the back, and one or two of them deployed their 50,000 volt taser two times.

3. After being tasered three times, Plaintiff was still standing.

4. One of the defendant officers next kicked Plaintiff's left knee out from under him, from behind Plaintiff, causing plaintiff to fall to his left knee, with his right leg still being supported on his right foot.

5. When plaintiff did not go completely to the ground, one of the defendant officers then tackled Plaintiff from behind, causing Plaintiff's head to hit the bumper of the Hahn vehicle.

6. Once Plaintiff had been knocked to the ground, one of the defendant officers put his knee in Plaintiff's lower back, forcibly proceeded to pull both of Plaintiff's arms back behind Plaintiff, and then handcuffed Plaintiff.

7. After he was cuffed, two officers lifted Plaintiff off the ground, as each officer grabbed one of Plaintiff's arms to lift him. The two officers dragged Plaintiff to the back of one of the police cars at the scene, where they proceeded to push his head down onto the trunk of their car, forcing Plaintiff to bend at the waist.

8. Bending at the waist was very difficult and painful for Plaintiff because of his disabilities.

9. While plaintiff was cuffed, and standing at the back of a police vehicle, Defendant Krasnican slammed plaintiff's head on the trunk two or three times.

PROPOSED PRETRIAL ORDER - 3

NO. C 04-562 6 JKA

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

10. Plaintiff remained cuffed in the back seat of a patrol vehicle for a long period of time before he was taken to the Olympia Municipal Jail, where officers dragged him by his arms into the jail.

11. Plaintiff has post traumatic stress disorder as a result of the incident.

**The defendants contend as follows:**

1. Standard police procedures for high risk traffic stops of this type require that the following be done before any further investigation can be conducted:

   a. Multiple back-up Officers must be in place before any action is taken with the suspects.

   b. The suspects must be removed one by one, starting with the driver.

   c. Each suspect must follow orders to put his hands up, step out, turn away from the Officers, then walk backwards with hands up to a position behind the vehicle where handcuffing can safely take place.

   d. The suspect must then get down on the ground when ordered. Only then may the Officers approach for handcuffing.

   e. Uncooperative suspects must be dealt with sternly and in accordance with these procedures. Officers are to avoid getting close unless for handcuffing of suspects properly on the ground. Accordingly, if a suspect refuses to go to the ground, the Taser is the preferred use of force alternative.

2. As the plaintiff walked backwards toward the rear of the truck, in addition to turning around intermittently, he dropped his hands several times.

3. When plaintiff got behind the truck, he refused to obey or attempt to obey the Officers' orders to keep his hands up and get down on the ground.

4. None of the Officers heard any claims by plaintiff that he was disabled or physically unable to obey there commands until he was being handcuffed. Furthermore, his actions and demeanor up to that point were inconsistent with

PROPOSED PRETRIAL ORDER - 4

NO. C 04-562 6 JKA

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

any such physical limitations. Under these circumstances, had the Officers heard the plaintiff claim disability as an excuse for not obeying their commands to keep his hands up and get down, they would have followed their training and not accepted the excuse.

5. Officer Krasnican deployed his Taser first, but it did not appear to have any effect. The Officers believed that may have been due to Mr. Stroupe's loose fitting jacket. His later second deployment presumably had similar lack of effect. Officer Allen deployed his Taser twice and Officer Evers once.

6. When two Tasers are deployed on an individual at the same time, the amount of electricity is not increased. However, because spread of the Taser probes is increased over a broader area, the Taser is more effective at disabling the muscles.

7. As a consequence of the Taser applications, plaintiff went down to his knees. Officer Allen used his foot to push plaintiff from a kneeling position to flat on the ground and then Officer Evers handcuffed him.

8. Officer Evers helped plaintiff to his feet, walked him to his patrol car, searched him and then placed him in the vehicle. Shortly thereafter, he drove the plaintiff to the Olympia City Jail. Neither Officer Evers nor any other Officer slammed plaintiff's head against the car.

9. At the Jail plaintiff was promptly examined by Lieutenant James Young, an Emergency Medical Technician with the Olympia Fire Department. He found no evidence of injury to plaintiff's head and noted no problem other than what he described as a "minor muscle injury" because of plaintiff's complaint of pain.

## ISSUES OF LAW

**The following are the issues of law to be determined by the court:**

1. Motions in limine to be filed by the parties; and
2. Form of the jury instructions.

PROPOSED PRETRIAL ORDER - 5

NO. C 04-562 6 JKA

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511*

# EXPERT WITNESSES

(a) Each party shall be limited to one expert witness on the issues of: law enforcement practices, post traumatic stress disorder (PTSD) and the nature of plaintiff's disability at the time of the incident.

(b) The name(s) and addresses of the expert witness(es) to be used by each part at trial and the issue upon which each will testify is:

**(1) On behalf of the plaintiff:**

1. Kellie Condon, Ph.D.:	Diagnosis and treatment of plaintiff for PTSD.
2. Lawrence Weil, M.D.:	Nature of plaintiff's disability on February 9, 2003.

**(2) On behalf of the defendants:**

1. Tim Deccio	Defendants' conduct and standard police practices.
2. Russell Vandenbelt, M.D.	Response to Dr. Condon on PTSD.
3. Lawrence Murphy, M.D.	Response to Dr. Weil on disability.

# OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**(a) On behalf of the plaintiff:**

| NAME | TESTIFY? | KNOWLEDGE - INFORMATION |
| --- | --- | --- |
| Richard E. Stroupe, II | Will Testify | All matters related to the case. |
| Richard E. Stroupe, III | May Testify | Events of February 9, 2003 (if he is located). |
| Kevin Hahn | May Testify | Events of February 9, 2003 (if he is located). |

Plaintiff also reserves the right to call any witnesses identified by defendants.

**(b) On behalf of the defendants:**

| NAME | TESTIFY? | KNOWLEDGE - INFORMATION |
| --- | --- | --- |
| Officer Paul Evers | Will testify | Events of February 9, 2003 |
| Officer Rich Allen | Will testify | Events of February 9, 2003 |
| Officer Bob Krasnican | Will testify | Events of February 9, 2003 |

PROPOSED PRETRIAL ORDER - 6

NO. C 04-562 6 JKA

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

| | | |
|---|---|---|
| Officer Bryan Henry | May testify | Events of February 9, 2003 |
| Bn. Chief James D. Young | Will testify | EMS examination of plaintiff at jail |
| Officer Cliff Maynard | Will testify | Use of force training |
| Chief Gary Michel | Will testify | OPD policies and Taser use data. |
| Gary Lynn | May testify | Recorded statement of plaintiff |

## EXHIBITS

**(a) Admissibility stipulated:**

**Plaintiff's Exhibits:**

| Exhibit # | Description | Discovery # |
|---|---|---|
| 1. | OPD officer reports of incident | OPDS 01- 30 |
| 2. | OPD Manual of Policies and Procedures | OPDM 1-5, 69-97 |
| 4. | Defendant Evers Taser materials | OPDTI 06-11 |
| 5. | Defendant Allen Taser materials | OPDTI 01-05 |
| 6. | Defendant Krasnican Taser materials | OPDTI 12-17 |
| 7. | OPD Taser Instructive: OP-02-001 | Cr. case 45 |
| 8. | Dr. Weil medical records | |
| 9. | DSM IV | |
| 10. | I.M.E. report by Dr. Auerbach, 11-8-02 | |
| 12. | Dr. Weil video | |
| 13. | Plaintiff's CA Workers Comp. award for 7/30/01 injury | |
| 14. | VA Progress Notes | |
| 15. | Certification for Dr. Weil video | |
| 16. | Central Dispatch Incident Activity Summary | OPDS 24-27 |
| 17. | SSA 10/27/06 decision with exhibit list | |
| 18. | Olympia Fire Department Incident Report, pp. 1, 2 & 4 and carbon | |
| 19. | [Reserved] | |
| 20. | [Reserved] | |

PROPOSED PRETRIAL ORDER - 7

NO. C 04-562 6 JKA

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

| | | |
|---|---|---|
| 21. | Lesson Plan Version 7.0 Advanced Taser M26 | Cr. case 20-44 |
| 22. | Memo from plaintiff to Hugh McGavick, 6/19/03 | |
| 23. | Four photographs of plaintiff Richard E. Stroupe, II. | |
| 24. | WSDOT aerial photo of Black Lake - SR 101 intersection | |
| 25. | Coat plaintiff wore at time of incident | |
| 26. | Red tank top shirt plaintiff wore at time of incident | |
| 28. | CA Driver License with photo | |

**Defendant's Exhibits**

| Exhibit # | Description | Discovery # |
|---|---|---|
| A-1. | OPD Employee Education Reports | OPDTRA 148-83 |
| A-2. | OPD Taser Use Analysis, 9/22/03 | OPDTA 01-05 |
| A-3. | OPD Booking photo of son | OPDJ 06 |
| A-4. | CD-ROM version of Exhibit 21 | |
| A-5. | Plaintiff's CA Workers Comp. award for 12/1/98 injury | |

**(b) Authenticity stipulated, admissibility disputed:**

| Exhibit # | Description | Discovery # |
|---|---|---|

**Plaintiff's Exhibits**

| | | |
|---|---|---|
| 3. | OPD Use of Force Model | OPDTA 19 |
| 11. | VA Rating Decision, 3/31/06 | |
| 27. | Taser Int'l. Product Warnings, 8/28/06 | |

**Defendant's Exhibits**

| | | |
|---|---|---|
| A-6 | CD of tape recorded 3/24/04 statement of plaintiff taken by Gary Lynn | |
| A-7 | Transcript of 3/24/04 statement of plaintiff taken by Gary Lynn | |
| A-8. | Dr. Ball 10/18/01 report | |
| A-9. | Dr. Mooney records | |
| A-10. | Dr. Ramberg records | |
| A-11. | Sierra Vista records | |

PROPOSED PRETRIAL ORDER - 8

NO. C 04-562 6 JKA

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

A-12. Therapy Works records

A-13. Dr. Townsend records

A-14. Dr. Watt records

A-15. FICA earnings 1968-2004, SSA 3D, p. 1 only

A-16. Disability Report - Adult by Stroupe, undated, but 12/15?/04, SSA 1E

A-17. Disability Report - Field Office by M. Howard, 12/15/04, SSA 2E

A-18. Work History Report by Stroupe, 1/8/05, SSA 3E

A-19. Residual Functional Capacity Assessment, Physical, 1/25/05, by Nawar, M.D., SSA 11 F

A-20. Disability Report - Appeal by Stroupe, 5/11/05, SSA 5E

A-21. Psychiatric Consult Exam, 7/10/05, Paladino, M.D., SSA 12F

A-22. Statement of Stroupe, Supplement to Application, 7/15/05, SSA 6E

A-23. Orthopedic Consult Exam, 7/23/05, Tran, M.D., SSA 13F

A-24. Orthopedic exam report on Taylor Bay left knee incident, 8/24/05, Elfering, M.D., SSA 21F

A-25. Residual Functional Capacity Assessment, Physical and Psychiatric, 10/04/05, Quint, M.D., SSA 15F

A-26. Disability Report - Appeal by Stroupe, 11/10/05, SSA 7E

A-27. Written Questions to Claimant, 9/19/06, SSA 11E (p.3 missing and requested)

**(c) Authenticity and admissibility disputed:**

**Exhibit #**   **Description**                                              **Discovery #**

**Plaintiff's Exhibits**

**Defendant's Exhibits**

   [none]

PROPOSED PRETRIAL ORDER - 9

NO. C 04-562 6 JKA

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

## ACTION BY THE COURT

(a)  This case is scheduled for trial before a jury on November 13, 2006, at 1:00 p.m.

(b) The parties stipulate that the complaint may be amended to clean up the caption to reflect the case which remains after the court's summary judgment ruling, and to clarify that the jury will hear is plaintiff against only the three individual defendant officers (Allen, Evers and Krasnican).

(c)  [Insert any other ruling made by the court.]

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 13th day of November, 2006.


                                                                       /s/ J. Kelley Arnold
                                                     United States Magistrate Judge

PRESENTED BY:

By:  /s/ Hugh J. McGavick
    WSBA #12047
    Attorney for Plaintiff

And By:   /s/ Donald L. Law
    WSBA #6122
    Attorney for Defendants

PROPOSED PRETRIAL ORDER - 10

NO. C 04-562 6 JKA

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*